UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY JEFFERSON | CIVIL ACTION |
| VERSUS | NO. 22-1093 |
| JERRY GOODWIN | SECTION "D"(4) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* **28 U.S.C. § 2254(e)(2)**.[1]

**I.  Factual and Procedural Background**

Petitioner Gary Jefferson ("Jefferson") is a convicted inmate incarcerated in the David Wade Correctional Center in Homer, Louisiana.[2] On October 22, 2015, Jefferson was charged in Orleans Parish by Bill of Information in case number 526-856 with two counts of simple burglary, one count of attempted simple burglary, and one count of resisting arrest.[3] According to the pleadings and record in that case, police officers responded to a burglary call at 4:00 a.m. on August 7, 2015, at the Med Pro Pharmacy on South Claiborne Avenue in New Orleans, Louisiana.[4] Police apprehended Jefferson but his accomplice escaped. Jefferson was connected by video surveillance to two prior burglaries at the same pharmacy on May 22, 2015, and July 9, 2015.[5]

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.
[2] ECF No. 3.
[3] St. Rec. Vol. 1 of 7, Bill of Information, 526-856, 10/22/15.
[4] *Id.*; *see also, id.*, State's Response, 6/14/19.
[5] *Id.*

Jefferson was later charged on February 2, 2016, in Orleans Parish case number 528-035 with four counts of armed robbery, two counts as a felon in possession of a weapon, one count of attempted burglary of an inhabited dwelling, and one count of possession of a controlled dangerous substance, clarisoprodol.[6] The charges in this case arose from two armed robberies that occurred on June 12, 2015, and July 27, 2015, when Jefferson and an accomplice robbed the Crescent City Pharmacy in New Orleans, and from a separate incident on November 3, 2015, when Jefferson attempted to break into an apartment by prying the door open with a stick.[7]

Jefferson initially entered pleas of not guilty in both cases.[8] Following pretrial motions, on May 8, 2017, the State filed a multiple offender bill in 526-856. Jefferson was charged as a second felony offender based on a 2017 conviction for possession of heroin in Orleans Parish case number 415-627.[9] At a hearing held the same day, Jefferson entered pleas of guilty to the charges in the bill of information and the multiple bill pursuant to a plea agreement reached in both cases.[10] On count four, the court sentenced Jefferson to serve six months in parish prison, with credit for time served.[11] The court sentenced Jefferson as a second felony offender to serve 12 years in prison, at hard labor, on counts one, two, and three.[12]

On May 15, 2017, the State filed a multiple offender bill in 528-035 charging Jefferson as a second felony offender in connection with counts three, six, seven, and eight, also based on the 2017 heroin conviction in 415-627.[13] At a hearing held that same day and pursuant to the plea

---

[6] St. Rec. Vol. 4 of 7, Bill of Information, 528-035, 2/2/16.
[7] St. Rec. Vol. 1 of 7, State's Response, 6/14/19.
[8] *Id.*, Minute Entry, 12/15/15; St. Rec. Vol. 4 of 7, Minute Entry, 2/4/16.
[9] St. Rec. Vol. 1 of 7, Multiple Bill, 5/8/17.
[10] *Id.*, Guilty Plea Transcript, 5/8/17; *id.*, Plea Minutes, 526-856, erroneously dated 5/15/17; *id.*, Waiver of Constitutional Rights – Plea of Guilty, 5/8/17; *id.*, Waiver of Rights – Plea of Guilty – Multiple Offender, 5/8/17.
[11] *id.*, Plea Minutes, erroneously dated 5/15/17; *id.*, Guilty Plea Transcript, 5/8/17.
[12] *id.*, Plea Minutes, erroneously dated 5/15/17; *id.*, Guilty Plea Transcript, 5/8/17.
[13] St. Rec. Vol. 4 of 7, Multiple Bill, 5/15/17.

agreement, Jefferson entered pleas of guilty to amended charges in the bill of information and to the multiple bill.[14]  The court sentenced Jefferson on counts one, two, four, and five to serve 12 years in prison at hard labor.[15]  The court also sentenced Jefferson as a second offender to serve 10 years in prison on counts three, six, and eight, and 12 years at hard labor on count seven.[16]

On June 5, 2017, Jefferson's counsel timely filed a motion to reconsider his sentences which, apparently, were denied by the state trial court with other motions on June 20, 2017.[17]  Jefferson's convictions became final thirty (30) days later, on July 20, 2017, because he did not seek leave to appeal.  La. Code Crim. P. art. 914;[18] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

Five months later, on December 29, 2017, Jefferson submitted a motion to vacate his habitual offender sentences in both cases.[19]  The state trial court denied the motion on June 25, 2018.[20]  The Louisiana Fourth Circuit denied Jefferson's writ application on November 6, 2018, finding no error in the trial court's ruling.[21]  Jefferson did not seek review of this ruling.

---

[14] *Id*., Plea Minutes, 528-035, 5/15/17; *id*., Plea Transcript, 5/15/17.
[15] *Id*., Plea Minutes, 5/15/17; *id*., Plea Transcript, 5/15/17.
[16] *Id*., Plea Minutes, 5/15/17; *id*., Plea Transcript, 5/15/17.
[17] St. Rec. Vol. 1 of 7, Trial Court Order, 6/20/17; *id*., Motion to Reconsider, 6/5/17.  The court apparently referred to the motion as one to vacate the sentence.
[18] Louisiana law provides that a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects on appeal or on post-conviction relief.  *State v. Crosby*, 338 So. 2d 584, 588 (La. 1976).  Where grounds do exist, Louisiana law requires the defendant to move for leave to appeal within thirty (30) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).  A defendant's failure to move timely for appeal under Art. 914 renders the conviction and sentence final at the expiration of that period.  *State v. Counterman*, 475 So. 2d 336, 338 (La. 1985).
[19] St. Rec. Vol. 4 of 7, Motion to Vacate, 1/9/18 (dated 12/29/17).  Although the state indicates this motion was filed on June 21, 2018 per a minute entry, this is the only file stamped motion of its kind in the record prior to the June 25, 2018, hearing.
[20] St. Rec. Vol. 1 of 7, Minute Entry, 6/25/18; St. Rec. Vol. 4 of 7, Minute Entry, 6/25/18.
[21] St. Rec. Vol. 1 of 7, 4th Cir. Order, 2018-K-0738, 11/6/18.

On December 19, 2018, Jefferson submitted an application for post-conviction relief addressing both cases asserting several grounds for relief:[22] (1) he is entitled to an out of time appeal; (2) his counsel provided ineffective assistance when (a) he failed to provide a defense to the resisting arrest charge; (b) failed to present surveillance footage which warrants the grant of a new trial; (c) failed to file a motion to quash the improper arrest or investigate falsified witness testimony; (d) failed to assist in obtaining evidence before the guilty plea, including surveillance of the May 22, 2015, showing a different perpetrator; and (e) failed to communicate and provide service to petitioner; (3) his guilty plea was not knowing or voluntary; (4) he was denied the right to confront the State's witnesses; and (5) the investigation of his charges was compromised with statements taken from another principal or perpetrator to the crimes.

The state trial court initially denied the application on January 30, 2019, based on the waiver of rights at the plea colloquy.[23] On review, the Louisiana Fourth Circuit remanded the matter for further consideration of Jefferson's ineffective assistance of counsel claims.[24] The state trial court denied the application on September 26, 2019, finding no merit in his claims.[25]

On January 2, 2020, the Louisiana Fourth Circuit denied Jefferson's writ application without stated reasons.[26] The Louisiana Supreme Court also denied Jefferson's writ application on September 29, 2020, finding no lower court error.[27]

In the meantime, on February 18, 2020, while these matters were pending, Jefferson submitted a motion seeking to correct his habitual offender sentence based on an error in the

---

[22] *Id.*, Post-Conviction Application, 2/11/19 (dated 12/19/18).
[23] *Id.*, Trial Court Judgment, 1/30/19.
[24] St. Rec. Vol. 3 of 7, 4th Cir. Order, 2019-K-0262, 4/17/19.
[25] *Id.*, Trial Court Judgment, 9/26/19; *see also*, St. Rec. Vol. 1 of 7, State's Response, 6/14/19.
[26] *Id.*, 4th Cir. Order, 2019-K-0999, 1/2/20.
[27] *State v. Jefferson*, 301 So. 3d 1160 (La. 2020); St. Rec. Vol. 6 of 7, La. S. Ct. Order, 202-KH-00211, 9/29/20.

4

description of a predicate offense in the multiple bill, and thereafter submitted several motions to supplement.[28] On September 3, 2020, the Louisiana Fourth Circuit granted Jefferson's request for mandamus and ordered the state trial court to address his motion as supplemented.[29] On September 24, 2020, the state trial court denied the motion based on the waiver of his rights to challenge non-jurisdictional defects in the proceeding, and that the proper predicate offense was relied on during the hearing.[30]

The Louisiana Fourth Circuit denied Jefferson's subsequent writ application on December 2, 2020, finding no error in the trial court's ruling.[31] The Louisiana Supreme Court denied Jefferson's writ application without stated reasons on March 15, 2022.[32]

## II. Federal Petition

On May 11, 2022, the clerk of this Court filed Jefferson's federal petition for habeas corpus relief in which he claims that his habitual offender sentence is illegal because the multiple offender bill contained reference to an incorrect predicate offense.[33]

The State filed an answer in response to Jefferson's petition asserting that the petition was not timely filed, and alternatively, his claim is not cognizable on federal habeas review and otherwise lacks merit.[34]

---

[28] St. Rec. Vol. 7 of 7, Motion to Correct, 3/3/20 (dated 2/18/20); St. Rec. Vol. 4 of 7, Docket Entry, 3/3/20; St. Rec. Vol. 1 of 7, Motion to Supplement, 6/9/20; St. Rec. Vol. 7 of 7, Motion to Supplement, dated 2/18/20; Motion to Supplement, 7/28/20.
[29] St. Rec. Vol. 5 of 7, 4th Cir. Order, 2020-K-416, 9/3/20.
[30] St. Rec. Vol. 1 of 7, Trial Court Judgment, 9/24/20.
[31] *Id.*, 4th Cir. Order, 2020-K-0611, 12/2/20.
[32] *State v. Jefferson*, 334 So. 3d 393 (La. 2022); St. Rec. Vol. 7 of 7, La. S. Ct. Order, 2022-KH-00159, 3/15/22. While this matters were proceeding, it seems Jefferson filed a writ application with the Louisiana Fourth Circuit seeking further review of the state trial court's September 24, 2020, judgment. The court denied the application on April 28, 2021. St. Rec. Vol. 1 of 7, 4th Cir. Order, 2021-K-0211, 4/28/21.
[33] ECF No. 3; ECF No. 3-1.
[34] ECF No. 9.

In his traverse to the State's opposition, Jefferson contends that his petition should not be procedurally disposed of because Louisiana law allows him to challenge his illegal sentence at any time.[35] He also re-asserts his arguments regarding voluntariness of his plea.[36]

## III.     **General Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[37] applies to Jefferson's petition, which is deemed filed in this Court under the mailbox rule on January 19, 2022.[38] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts that Jefferson's federal petition was not timely filed and that state court review of his claims was exhausted. However, the State's brief excludes some relevant pleadings and contains numerous errors regarding Jefferson's mailbox-rule filing dates. The state court records provided also are in an incongruous order and often contain pleadings not on the docket

---

[35] ECF No. 12.
[36] *Id*. at 3-4.
[37] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes are effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).
[38] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Jefferson's petition was initially received by the clerk of court in deficient form on April 21, 2022. He dated his signature thereon on April 14, 2022, which is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to this Court.

sheets, and vice versa, which likely contributed to the State's erroneous conclusion of untimeliness. A proper review and calculation using the pleadings and dates outlined above demonstrates that the petition was timely filed. The State's limitations defense is therefore rejected. The Court will address Jefferson's claims.

**IV.    Standards of a Merits Review**

The standard of review under the AEDPA is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000). It provides different standards for questions of fact, questions of law, and mixed questions of fact and law.

A state court's determinations of questions of fact are presumed correct and the Court must give deference to the state court findings unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2) (2006); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA. The standard provides that deference be given to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court. *Hill*, 210 F.3d at 485. The "critical point" in determining the Supreme Court rule to be applied "is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, 572 U.S. 415, 427 (2014) (citing

7

*Harrington v. Richter*, 562 U.S. 86, 103 (2011)). "Thus, 'if a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *White*, 572 U.S. at 426 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)).

A state court's decision can be "contrary to" federal law if: (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792-93 (2001); *Hill*, 210 F.3d at 485. A state court's decision can involve an "unreasonable application" of federal law if it correctly identifies the governing rule but then applies it unreasonably to the facts. *White*, 572 U.S. at 426-27; *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law. *See Williams*, 529 U.S. at 410. The Court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law. *Id*. "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)) (brackets in original); *Bell v. Cone*, 535 U.S. 685, 699 (2002).

Thus, under the "unreasonable application" determination, the Court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the

precedent to the facts of his case in an objectively unreasonable manner. *Price*, 538 U.S. at 641 (quoting *Woodford*, 537 U.S. at 24-25); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006). In addition, review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**V.     Discussion**

Broadly construing Jefferson's pro se petition, he alleges that his habitual offender sentence was illegal because the multiple bill referenced a non-existent prior conviction for possession with intent to distribute heroin from Orleans Parish case number 415-627. ECF No. 3-1, at 2. He argues that this was a misdemeanor possession of heroin charge, not a felony, and could not have been used to enhance his sentence under the Habitual Offender Laws. *Id.* at 4. He also challenges the prosecutor's claim during the state trial court's habitual offender hearing that the conviction was obtained by a guilty plea, rather than after trial in that prior case. *Id.* He further argues that he did not waive his right to be informed by the prosecutor about the charge in the multiple bill, and was not so informed because the prosecutor knew they were using a misdemeanor predicate. *Id.*, at 4-5.

In response, the State argues that despite any reference to an error in the multiple bill, the sentence was legally based on his waiver of rights and plea of guilty. ECF No. 9, at 12-14. The State further argues that Jefferson cannot establish his guilty plea was not voluntary because Jefferson entered into a plea agreement and waived each of his rights when entering the plea. *Id.* at 15. Thus, as the state courts found, his plea was knowing, intelligent, and voluntary. In addition, because Jefferson was sentenced on multiple claims, his challenge to the 12 year sentence is mooted by the fact that he is serving concurrent terms for armed robbery charges not subject to the multiple bill. *Id.* at 16. He would not be entitled to release.

Jefferson asserted these claims in his motion to correct his sentence addressed by the state trial court on September 24, 2020.[39] The court held that Jefferson's stipulation to the multiple bill, under state law, waived any right he had to a hearing and non-jurisdictional defects, including challenges to the State's failure to present sufficient proof. In addition, the court held that an error in the identification of the predicate offense did not alter the fact that he was in fact previously convicted on a felony charge in the properly identified prior case which satisfied Louisiana's habitual offender laws.[40] This was the last reasoned state court opinion on the issue.

Jefferson has not asserted much less shown that the denial of his claim by the state courts was contrary to or an unreasonable application any Supreme Court law. To the contrary, he alleges simply that his adjudication and sentence may have been contrary to state habitual offender laws, a claim which is not cognizable on federal habeas review. *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994) (a federal court does "not sit as [a] 'super' state supreme court in a habeas corpus proceeding to review errors under state law") (citation and quotation omitted); *Swarthout v. Cooke*, 562 U.S. 216, 218 (2011) (federal habeas review does not lie for errors of state law).

He also has not shown any error by the state courts to invoke consideration by this Court under general standards of fairness and due process. As noted by the state courts, Jefferson reached a plea deal, entered pleas of guilty to the underlying charges and multiple bills, admitted to being a second felony offender, and waived any challenge to the multiple bills by doing so. The United States Fifth Circuit has recognized that a state criminal defendant waives a claim of sufficiency of the evidence by pleading guilty or admitting to a multiple bill. *Payne v. Whitley*, 48 F.3d 529, 1995 WL 84049, at *2 (5th Cir. 1995). The Fifth Circuit recognized that a state court has no

---

[39] St. Rec. Vol. 1 of 7, Trial Court Judgment, 9/24/20.
[40] *Id*.

10

federal constitutional duty to establish a factual basis for the guilty plea to a multiple bill, because the state judge is not determining guilt or innocence, and instead is enhancing a sentence based on a prior conviction which the defendant deems true by admitting to the bill. *Payne*, 1995 WL 84049, at *2.

Pretermitting further discussion of this waiver,[41] Jefferson has shown no error in the state courts' ruling that the multiple bill was sufficient to support the imposition of the second offender sentence.[42] First, Jefferson's claim is premised on an inaccurate assumption. In Louisiana, possession of heroin is not a misdemeanor; it is indeed a felony. *See*, *e.g.*, *State v. Davis*, No. 2015-1325, 2016 WL 5819245, at 8 (La. App. 4th Cir. Oct. 5, 2016) (considering possession of heroin as a predicate *felony* offense in a multiple bill). The felony status of the predicate conviction was mentioned briefly by the state trial court in denying his motion to correct.

Second, the state court did not err legally or factually in its finding that the multiple offender adjudication was proper and supported by the record and documents which Jefferson acknowledged in his plea. Under Louisiana law, the State must prove (1) the existence of a prior *felony conviction* and (2) that the defendant is the same person who was convicted of the prior felony. *See State v. Shelton*, 621 So.2d 769 (La. 1993); *State v. Staggers*, No. 03-KA-655, 2003 WL 22438958 at *5–6 (La. App. 5th Cir.2003) (citing *State v. Davis*, 829 So.2d 554 (La. App. 5th Cir. 2002)); *State v. Warfield*, No. 37616–KA, 2003 WL 22439586 at *2–3 (La. App. 2d Cir. 2003). Louisiana's Habitual Offender Law does not require the State to use a specific type of

---

[41] The state has not clearly asserted a procedural default defense.
[42] The issue of sufficiency of proof presents a mixed question of law and fact. *Maes v. Thomas*, 46 F.3d 979, 988 (10th Cir.1995).

evidence in order to carry its burden, and the prior convictions may be proved by any competent evidence. *State v. Payton*, 810 So.2d 1127, 1132 (La. 2002).

The record contains a copy of a minute entry from Jefferson's plea in the predicate case, 415-627, dated March 15, 2002.[43]  The document indicates as follows:

> THE DEFENDANT, THROUGH COUNSEL, WITHDREW ALL FORMER PLEAS AND IN LIEU THEREOF ENTERED A PLEA AS TO COUNT 1, RS 40 966 (A) (1) B11PD POSS WITD HEROIN, GUILTY.

Seemingly inconsistent with the foregoing, the minutes also indicated that, "JUDGE ELLOIE FOUND THE DEFENDANT GUILTY OF SIMPLE POSSESSION OF HEROIN." Hence, the understandable confusion on Jefferson's part.

Nevertheless, the issue of a misstatement on a multiple bill notwithstanding, the relevant point for the State's burden is that Jefferson was convicted of a prior *felony* which rendered him a second felony offender.  Jefferson agreed that he was a second felony offender when he signed the waiver of rights and when he confirmed his understanding before the state trial court during the plea colloquy.  A guilty plea is knowing, intelligent, and voluntary when the defendant has "a full understanding of what the plea connotes and of its consequences." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Jefferson admitted by his signature on the waivers and by acknowledgements at the plea hearing that he was convicted of the prior felony in 415-627 and was pleading guilty to an agreed upon sentence.  He does not challenge these facts here.  He knew what the guilty pleas meant, and he knew the sentencing consequences under the plea agreement.  He is not entitled to federal habeas relief.

---

[43] St. Rec. Vol. 1 of 7, Minute Entry, 415-627, 3/15/02.

**VI.     Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Jefferson's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[44]

New Orleans, Louisiana, this 12th day of December, 2022.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[44] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.