UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARY JEFFERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1093** |
| **JERRY GOODWIN** | **SECTION: D (4)** |

## ORDER AND REASONS

The Court, having considered *de novo* the Complaint, the record, the applicable law, the United States Magistrate Judge's Report and Recommendation,[1] and the Objections filed by petitioner, Gary Jefferson,[2] hereby overrules Petitioner's Objections and approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion in this matter.

### I. PROCEDURAL BACKGROUND

On May 11, 2022, Petitioner filed a Petition alleging that the sentence imposed by the State trial court finding the Petitioner a multiple offender under the Louisiana Habitual Offender Law, LA. R.S. 15:529.1, was illegal because the trial court "allowed the District Attorney to file a multiple bill of information by using a misdemeanor, not a felony."[3] The State responded on June 27, 2022.[4] On December 12, 2022, the Magistrate Judge issued a Report and Recommendation to the Court, recommending that the Petition be denied and dismissed with prejudice.[5]

---

[1] R. Doc. 14.
[2] R. Doc. 15.
[3] R. Doc. 3-1.
[4] R. Doc. Doc. 9.
[5] R. Doc. 14.

## II. PETITIONER'S OBJECTIONS

Thereafter, on January 3, 2023,[6] the Petitioner filed objections to the Magistrate Judge's Report and Recommendation, (1) acknowledging his mistake in previously stating that a conviction for Simple Possession of Heroin was a misdemeanor under Louisiana law; (2) contending that his habitual offender plea was predicated on a conviction for Domestic Abuse Battery (a misdemeanor); and (3) arguing that his guilty plea to being a habitual offender was not knowing and intelligently made as Petitioner was never informed as to which past objection was being used for Multiple Offender purposes.

Regarding Petitioner's first "objection,"—his acknowledgement that Possession of Heroin is a felony under Louisiana law—as this "objection" is simply an acknowledgement, the Court accepts it as such. To the extent that a ruling is necessary, the Court **DENIES** the objection as moot. Petitioner next objects that the State used another misdemeanor, Domestic Abuse Battery, as the basis for his finding as a habitual offender.[7] Petitioner's third objection is that his guilty plea to the Multiple Offender Bill of Information was not knowingly and intelligently made.[8]

Although a party who timely files written objections to a Magistrate Judge's R&R is entitled to a *de novo* determination of the Magistrate's recommendations to which the party objects, "[f]rivolous, conclusive or general objections need not to be

---

[6] Petitioner claims the Report and Recommendation was received on December 15, 2022. Petitioner's objections were mailed December 28, 2022 and thus were timely filed.
[7] R. Doc. 15.
[8] *Id.*

considered by the district court."[9] The Court finds that the second and third objections raised by Petitioner largely repeat the arguments asserted in his Petition, namely that the State used a misdemeanor offense as the predicate offense for his convictions as a habitual offender (though Petitioner now changes which misdemeanor offense he is claiming the State used as the predicate offense) and that his plea as a habitual offender was not knowingly and intelligently made. The Magistrate Judge conducted a thorough analysis of Petitioner's arguments and addressed these issues extensively in her Report and Recommendation. Nevertheless, the Court has conducted a *de novo* review of the record, including the state court record which includes a transcript of Petitioner's guilty plea and the proceedings reflected by Minute Entry of May 8, 2017 and further proceedings on May 15, 2017.

The Court further notes that the record reveals a signed "Waiver of Rights—Plea of Guilty Multiple Offender—La. R.S. 15:529.1" which appears to be signed by Petitioner and his attorney and dated May 8, 2017, in which Petitioner acknowledges that he pleads guilty:

> to the charge outlined in the bill of information, attached to this form, charging me, pursuant to Louisiana Revised Statute 15:529.1, with having the listed prior felony conviction and record and being a second/double offender under the provisions of this law. A copy of this bill of information has been provided to me and my attorney.[10]

---

[9] *Nettles v. Wainright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (noting that a petitioner who makes objections that are frivolous, conclusive, or general in nature is not entitled to *de novo* review by a district court).
[10] State Court Record, Volume 2 of 7.

Notedly, the next two pages in the State Court Record are a Minute Entry dated March 15, 2002 and Docket Master for Case No. 415-627 showing that the Petitioner was found guilty of Simple Possession of Heroin on that date.[11]  It was this conviction, from Case No. 415-627 for Possession of Heroin, that was used as the predicate for Petitioner's Habitual Offender plea.  As noted above, Petitioner and his attorney signed an acknowledgement of the prior *felony* conviction.

A review of the transcript from May 8, 2017 reflects that Petitioner pled guilty in two cases, 526-856 and 528-035, to the crimes and the Habitual Offender bill on the same day.[12]  During that guilty plea colloquy, Petitioner was advised by the trial court judge of his constitutional rights, including his right to trial, right to appeal, right against self-incrimination, right to subpoena and confront witnesses, presumption of innocence, and the State's burden to prove guilt beyond a reasonable doubt.[13]  Additionally, before accepting Petitioner's guilty pleas, the trial court further advised Petitioner that he would be subject to the multiple bill enhancement.[14]  Finally, the transcript reflects that the trial judge, too, was in possession of and reviewed the "Waiver of Rights—Plea of Guilty Multiple Offender—La. R.S. 15:529.1" signed waiver which Petitioner acknowledged under oath reviewing and signing.[15]  The trial judge then questioned Petitioner as to his plea of

---

[11] *Id.*
[12] State Court Record, Vol. 2 of 7.
[13] *Id.*
[14] *Id.*
[15] *Id.*

guilt to the multiple bill, advising him that he had the same rights that the judge had just gone over with him.

A week later, on May 15, 2017, the trial judge clarified Petitioner's sentence as to each count in each case.[16] Petitioner and his attorney were present in court during the proceeding. Regarding Petitioner's plea in Case No. 526-856, the transcript reflects that the trial court again noted that the State had filed a multiple bill and inquired as to which counts Petitioners was multiple billed on in reference to that case. While the Assistant District Attorney initially answered, "All counts," Petitioner's defense attorney corrected the Assistant District Attorney and clarified "except for the misdemeanor."[17] The Assistant District Attorney then acknowledged that that clarification was correct and that the misdemeanor was not used as part of the multiple bill enhancement in Case No. 526-856.[18] The trial judge proceeded to clarify the sentence imposed in Case No. 528-035, including which convictions were used as the predicate for the multiple bill.[19] The trial judge clarified that the State had filed a multiple bill as to Counts 3 (Possession of a Firearm While Having a Domestic Conviction), 6 (Possession of a Firearm While Having a Domestic Conviction), 7 (Attempted Burglary of an Inhabited Dwelling), and 8 (Possession of a Schedule Drug) in that case. Petitioner's defense attorney advised that that information was accurate.[20]

---

[16] State Court Record, Volume 4 of 7.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*

Petitioner contends that "the District Court used a charge of Domestic Abuse Battery (a misdemeanor) in its habitual offender proceedings. SEE ATTACHED RULING OF THE DISTRICT COURT."[21] In support of this objection that the trial judge used a misdemeanor conviction as the predicate offense for the habitual offender conviction, Petitioner attached a Judgment dated January 30, 2019.[22] A reading of the Judgment fails to support Petitioner's argument. The January 30, 2019 Judgment states, in pertinent part:

> On May 8, 2017, the defendant pled guilty to four counts of Armed Robbery, two counts of Possession of a Firearm having previously been convicted of Domestic Abuse Battery, two counts of Simple Burglary, one count of Attempted Simple Burglary, and one count of Resisting an Officer. The defendant was ultimately sentenced to the Department of Corrections as multiple offender.[23]

Petitioner appears to misread the Judgment as stating that he was charged with being a habitual offender based on a conviction of Domestic Abuse Battery. The Judgment does not state that. Instead, the Judgment states that Petitioner pled guilty to a myriad of felony offenses, including "two counts of Possession of a Firearm having previously been convicted of Domestic Abuse Battery."[24] The Judgment does not support his contention that the crime of Domestic Abuse Battery was used as the predicate offense for Petitioner's Habitual Offender conviction.

---

[21] R. Doc. 15.
[22] *Id.* The Court notes that this Judgment appears to have been entered in response to an Application for Post-Conviction Relief in which Petitioner argued that he had not been advised of his right to appeal his multiple offender conviction and sentence. The trial judge found that the defendant had been so advised and denied his Application.
[23] *Id.*
[24] *Id.* While Petitioner does not appear to challenge his plea to Possession of a Firearm having previously been convicted of Domestic Abuse Battery, the Court is aware of the support in law for this crime. La. R.S. 14:95.1 and La. R. S. 14:2.

After its *de novo* review, the Court is convinced that the record and transcript show that Petitioner's guilty pleas were knowing and voluntary.

Finding that Petitioner's objections to the Magistrate Judge's Report and Recommendation are without merit, the Court **OVERRULES** the objections. Having resolved Petitioner's objections, and because the Court agrees with the Magistrate Judge's review and analysis, the Court adopts that Opinion as its own in this matter.

Additionally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[25] A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[26] The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented '[are] adequate to deserve encouragement to proceed further.'"[27] The Court finds that Gary Jefferson's Petition fails to satisfy this standard. Accordingly, the Court will not issue a certificate of appealability.

---

[25] Rules Governing Section 2254 Cases in the United States District Courts, Rule 11(a).
[26] 28 U.S.C. § 2253(c)(2).
[27] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## III. CONCLUSION

**IT IS HEREBY ORDERED** that the Petition of Gary Jefferson for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability.

New Orleans, Louisiana, May 11, 2023.

*[signature: Wendy B. Vitter]*

**WENDY B. VITTER**
**United States District Court**